# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| PACIFIC BASIN HANDYMAX, LTD., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | MC416-005 |
| AGRIBUSINESS UNITED SAVANNAH LOGISTICS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Pacific Basin Handymax, Ltd., sued defendant Agribusiness United Savannah Logistics, LLC, in the Southern District of New York. *See* CV15-8599 (S.D.N.Y.). Default judgment was granted against defendant, and plaintiff registered a Certified Foreign Judgment in the Southern District of Georgia. Docs. 1 & 2. This Court issued a Writ of Execution on April 19, 2016, in the amount of $258,310.10. Doc. 3; *see also* doc. 5-1 (defendant's acknowledgment of service of the judgment, certification of judgment, and writ of execution). Plaintiff proceeded to serve upon defendant interrogatories and requests for production of documents (the "Post-Judgment Discovery") in July 2016, but defendant failed to respond to either the

Post Judgment Discovery or plaintiff's good-faith letter. Doc. 6-1 at 2 (citing Fed. R. Civ. P. 37 & 69 and Georgia Uniform Super. Ct. Rule 6.4(b)). Plaintiff therefore moves, unopposed, to compel a response, and to require defendant to pay plaintiff's reasonable expenses in filing the motion. *Id.*

Because defendant failed to respond to plaintiff's motion to compel, the motion is deemed unopposed under Local Rule 7.5 (no response means no opposition). Accordingly, plaintiff's motion to compel (doc. 6) is **GRANTED**. Defendant must respond to plaintiff's Post-Judgment Discovery requests within 21 days after the date this Order is served.

Plaintiff also seeks $1,000 in attorney's fees for the preparation and filing of the motion to compel. Doc. 6-1. Payment of expenses (including attorney's fees), however, typically follows "after giving an opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). Only if: (1) "the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action;" (2) the failure to respond was justified; or (3) "other circumstances make an award of expenses unjust," may a court decline to award expenses to a prevailing party.

2

*Id.*

None of those exceptions apply here, and defendant had its chance to be heard. Consequently, the Court **ORDERS** that defendant pay plaintiff's "reasonable expenses incurred in making" its motion to compel, "including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Within 21 days, the parties are **DIRECTED** to confer and make a good faith effort to resolve this issue. Should the parties be unable to reach an understanding, the plaintiff may submit an itemized list of expenses and fees so the Court can issue an expense award. Defendant will then have 10 days thereafter to contest plaintiffs' itemization.

In sum, plaintiff's unopposed motion to compel is **GRANTED**. Doc. 6. Defendant has 21 days from the date this Order is served to respond to *all* of plaintiff's discovery requests. Defendant also must pay plaintiff's reasonable motion-to-compel expenses -- the amount to be resolved as directed above.

**SO ORDERED,** this __29th__ day of March, 2017.

*/s/ JR Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA